

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00435-CV

_____

CECIL RHODEN, Appellant

V.

KEISHA LYONS, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2024-005787-1

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

Appellant Cecil Rhoden filed his notice of appeal with this court following a default judgment for eviction rendered against him on August 28, 2024, in Tarrant County Court at Law No. 1.[1]

After reviewing the clerk's record, this court was concerned that it did not have jurisdiction over the appeal from the trial court's default judgment because, among other things, the trial court clerk's record contained a writ of possession that was executed on September 27, 2024. Because Rhoden was no longer in actual possession of the property and did not appear to be asserting a claim of right to current possession of the property, we were concerned that his appeal is moot.

Accordingly, we informed Rhoden of our concern. We requested that the parties provide us with a response showing grounds for continuing the appeal and warned that the appeal would be dismissed for want of jurisdiction if no such response was furnished.

A case becomes moot if, at any stage of the proceedings, a controversy ceases to exist between the parties. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). An appeal in a forcible detainer case becomes moot when the appellant vacates the property unless the appellant holds and asserts a meritorious claim of right to current,

_____

[1]Rhoden appealed the original judgment from Justice Court Precinct 8 to Tarrant County Court at Law No. 1 which issued the default judgment.

actual possession of the property. *See Marshall*, 198 S.W.3d at 787. When a case becomes moot on appeal, we must dismiss the case. *See id.* at 790.

Rhoden did not respond to our letter. Absent a response showing that Rhoden is holding and asserting a meritorious claim of right to current, actual possession of the property, we have no jurisdiction over his appeal. *See id.* at 790. Thus, we vacate the trial court's judgment and dismiss this case as moot. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Brian Walker

Brian Walker
Justice

Delivered: December 19, 2024